UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20580-BLOOM/Otazo-Reyes

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.

ELITE PROTECTION, LLC,
BILLY BOURCIQUOT, *and*
EDUARDO A. GONZALEZ
GOTERA,

    Defendants.

_____/

## ORDER ON RETURN OF SERVICE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff Nautilus Insurance Company filed a Complaint on February 13, 2023 against Defendants Elite Protection One, LLC ("Elite Protection"), Billy Bourciquot ("Bourciquot"), and Eduardo A. Gonzalez Gotera ("Gotera") (collectively, "Defendants") under 28 U.S.C. § 2201 seeking a declaration that "an insurance policy's Assault or Battery Limited Liability Coverage endorsement applies to a lawsuit involving a bouncer who criminally battered a nightclub patron, among others." ECF No. [1] ¶ 1. On March 3, 2023, Plaintiff filed an Amended Complaint. ECF No. [7]. The Amended Complaint alleges that Plaintiff is defending Elite Protection and Bourciquot against the allegations in a lawsuit filed by Gotera against Elite Protection and Bourciquot, among others. *Id.* ¶¶ 9, 14.

On March 17, 2023, the Court ordered Plaintiff to file proof of service with the Court within seven (7) days of perfecting service upon Defendants. On March 21, 2023, Plaintiff filed a Return of Service. ECF Nos. [10] and [11]. The Return of Service indicates that Manny Sires, the process

server, "**EFFECTED CORPORATE SERVICE ON A LIMITED LIABILITY COMPANY** by delivering a true copy of the **SUMMONS AND COMPLAINT FOR DECLARATORY RELIEF**" to "**JENNIFER HOLCOME** as **CO-RESIDENT OF THE REGISTERED AGENT** for **ELITE PROTECTION LLC**." ECF No. [10] at 1. The Return of Service states that "THE RECIPIENT ADVISED VIA THE 'RING' SPEAKER THAT SHE WAS HOME BUT HAD COVID AND I COULD LEAVE THE PLEADING ON THE FLOOR BY THE FRONT DOOR." *Id.*

Section 48.062 of the Florida Statutes sets forth the requirements for service on a limited liability company. *Mingo v. Ironclad Projects LLC*, No. 19-CV-62202, 2020 WL 13389754, at *1 (S.D. Fla. Mar. 3, 2020); *see also* Fla. Stat. § 48.062(2) ("A domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company or registered foreign limited liability company under chapter 605."). Section 48.062(3) sets forth the circumstances under which alternate service is authorized when "service cannot be made on a registered agent." Fla. Stat. § 48.063(3). Specifically, § 48.063(3) authorizes alternate service when

> the domestic limited liability company or registered foreign limited liability company ceases to have a registered agent, or if the registered agent of the domestic limited liability company or registered foreign limited liability company cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605.

*Id.* Under such circumstances, "process may be served on a member, manager, or designated employee as set forth in" § 48.062(3)(a)-(c). *See Mingo*, 2020 WL 13389754, at *1 (citing *Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co.*, 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016)). Neither the Return of Summons nor the Amended Complaint indicates whether Elite Protection has ceased to have a registered agent, or whether Elite Protection's registered agent cannot be served after

Case No. 23-cv-20580-BLOOM/Otazo-Reyes

one good faith attempt because of a failure to comply with Chapters 48 or 605 of Title VI of the Florida Statutes. Neither the Return of Summons nor the Amended Complaint indicates whether Jennifer Holcome is a member, manager, or designated employee of Elite Protection either. As such, service upon Elite Protection has not been effectuated.

Accordingly, it is **ORDERED AND ADJUDGED** that, within seven (7) days of perfecting service upon Defendants, Plaintiff shall file proof of such service with the Court. Failure to effectuate service of summonses and the Amended Complaint on Defendants by the deadline to serve Defendants under Rule 4(m) of the Federal Rules of Civil Procedure will result in dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record